## In re WHITE.
### Patent Appeal No. 2807.

Court of Customs and Patent Appeals.
Feb. 8, 1932.

David P. Wolhaupter, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant seeks a patent for alleged improvements in "electrode mounting for welding machines." As we understand it, the device is primarily designed for welding together the crossed wires used in the construction of heavy wire fencing, such as that utilized in fencing the sides of highways and the like.

A number of claims were allowed, but Nos. 14 to 17, inclusive, were rejected because held to be readable in terms upon a patent to one Southwick, No. 1,534,034, issued April 21, 1925.

We quote claims 14 and 17:

"14. In a machine for welding moving wire fabric, a pair of cooperating electrode members mounted at opposite sides of the plane of the fabric for free pivotal movement, and means for yieldingly forcing said electrode members toward each other to grip the crossed wires of the fabric together under pressure, and whereby the said electrodes are moved by and with the fabric while the cross wires are being welded to the longitudinal wires of the fabric, and means for returning the electrodes to their original position."

"17. In a welding machine, a pair of electrodes mounted to yield at right angles to the line of movement of the parts to be welded passing between them, and said electrodes also being pivotally mounted whereby the movement of the work engaging therewith will simultaneously impart movement to the electrodes, and means for returning the electrodes to their original position after welding."

The completed devices of Southwick and appellant are, admittedly, radically different in structure, but the tribunals of the United States Patent Office felt that there had been found in Southwick anticipatory features of the particular elements which appellant here claims, and which are emphasized by italics in the following quotation from his brief:

"Each of my appealed claims calls for *a pair* of electrodes, *movable by the fabric*, and means for *returning* said electrodes to their original or a normal position following each welding operation. * * *"

That portion of the Southwick apparatus material to be considered here comprises two shafts upon which are mounted a series of electrodes so arranged, apparently, as that when the shafts, one above the other, bearing the electrodes, are rotated, the strands of wire passing therethrough are brought between two co-operating electrodes, in crossed arrangement, and, while gripped by the electrodes, are charged with an electric current which causes the weld.

The Southwick electrodes are connected with coiled springs which constitute a means for yieldingly forcing said electrode members toward each other to grip the crossed wires of the fabric together under pressure.

Appellant discloses, as parts of the frame work of his device, two electrode brackets, which brackets carry two electrode members, designed to co-operate, between which the crossed wires pass for welding. As the wires pass between the electrodes, they are pressed together by the electrodes; this movement being produced by means of yieldable coiled springs.

The upper bracket is pivoted at a stated point, and the electrode mounted thereon is urged about the pivot in a counter clockwise direction by the spring, and is restrained in the tendency to move in this direction by a bolt and nut at the upper end of the bracket. Upward pressure on the electrode causes the bracket itself to pivot and move in a clockwise direction against the opposition of a spring in the bracket.

The tendency of the electrode, mounted pivotally on the bracket, to rotate, counter clockwise by reason of the spring tension, is opposed by an upward extension which engages a cam mounted on a shaft. This cam feature is not here involved.

The lower portion of the apparatus shows a structure corresponding in detail to the upper portion.

As the wires to be welded are moved through the device from left to right, they pass, in cross-relationship to each other, between the electrodes, which latter are thus forced apart. This compresses the spring in the bracket, which latter is rocked about its pivot, and so the wires are held tightly pressed together for the weld.

As the wires progress onward to the left, the electrodes "pivot about their pivots," and are moved toward each other, contacting with the crossed wires at the latter's point of intersection.

By reason of the rotation of the bracket about its pivot being limited by a bolt near the bracket's top, there is an action upon the electrodes which causes them to separate from the crossed wires, the wire joint passes out from the contact, and the electrodes are returned to normal position ready for

the succeeding jointure of wire to be presented for welding by the electric current.

In both devices the fabric is drawn through the merchandise by means outside the machines themselves, and this element is not involved in this controversy.

Of the three features stressed by appellant, viz. (a) a "pair of electrodes," (b) "movable by and with the fabric," and (c) "means for returning said electrodes to their original or a normal position," etc., it seems clear to us that (a) and (c) are so broad in terms as clearly to read upon Southwick. As to feature (b), however, this does not appear to be true.

While it is obvious that both in the Southwick device and in that of appellant there is a pressing apart of the contacting electrodes by the wire passing therethrough, and a snapping back of said electrodes when the joint passes from between them, there does not appear to be in Southwick's device a certain lateral movement which is present in appellant's device, by reason of the shape and arrangement of the electrodes, which produces a steplike action that operates upon the wire joints, as they reach the electrodes, without reference to the width of the mesh which it is desired to produce.

In the Southwick patent the joints to be welded must pass through the mechanism at relatively fixed times, and must be regularly spaced. The mechanism itself must be adjusted so that the junction of the two co-operating electrodes will synchronize precisely with the passage of the wire joints between them. Otherwise there will be no welding of such joints.

In appellant's structure, by reason of the movement "by and with the fabric," the joints are welded at any moment they may pass between the electrodes, regular spacing is not necessary, nor is the synchronization, essential in Southwick, required by appellant's device.

This movement, by and with the fabric, seems to us to be a new and useful result which involves patentable invention.

This element is described in each of the claims before us on appeal, somewhat more clearly, perhaps, in claims 15 and 17 than in the other two. All the claims are for a combination in which this feature or element is included.

In Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U. S. 301, 318, 29 S. Ct. 495, 500, 53 L. Ed. 805, the Supreme Court of the United States said: "A combination is a union of elements, which may be partly old and partly new, or wholly old or wholly new. But, whether new or old, the combination is a means—an invention—distinct from them. They, if new, may be inventions and the proper subjects of patents, or they may be covered by claims in the same patent with the combination."

No question is made as to claims such as those at bar being proper. A supplemental brief of the Solicitor for the Patent Office, filed in response to a request by the court, states that: "Claims of the character involved in the White appeal are quite universally regarded as proper by the patent bar and the tribunals of the Patent Office."

An element was present in the device involved in the litigation in the Leeds & Catlin Co. Case, supra, which appears to be somewhat analogous to the "movable by and with the fabric" element here present. In that case the Supreme Court, discussing a claim for a "talking" machine, said: "We think [it] is a valid combination, consisting of the elements, (1) a traveling tablet having a sound record formed thereon; (2) a reproducing stylus, shaped for engagement with the record, and free to be vibrated and propelled by it. It is, therefore, a true mechanical device, producing by the co-operation of its constituents the result specified and in the manner specified."

It is our view that the combination claims of appellant, here at issue, are not anticipated by the prior art cited, and that, under the authorities, they should be allowed.

Accordingly, the decision of the Board of Appeals of the United States Patent Office is reversed.

Reversed.