## PARAFFINE COMPANIES, Inc., v. Mc-EVERLAST, Inc.

District Court, S. D. California, C. D.
May 4, 1934.

Charles L. Evans, of Los Angeles, Cal., and Hugh N. Orr and Miller & Boyken, all of San Francisco, Cal., for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is a suit in equity for the alleged infringement of two combination patents for pipe wrapping machines. The defenses urged are lack of invention, nonpatentability because of anticipation and noninfringement. The court at the conclusion of the hearing reserved decision until voluminous

depositions could be considered. These depositions filed herein December 1, 1930, have been read and the blueprints, drawings, and other documents proffered at the time of taking said depositions have been examined. It is clear to me from such evidence that everything in issue that is claimed in either of the patents Rosener and Doane, No. 1500769, dated July 8, 1924, or Rosener, No. 1686929, dated October 9, 1928, except one feature that will be mentioned later in this memorandum, is anticipated by the adjustable cross-roll pipe wrapping machine that was fabricated and used by the National Tube Company in its plant at Versailles, Pa., from 1912 to 1926.

■ This last-mentioned machine was constantly and openly employed in the pipe wrapping industry. It gave satisfaction, and in no sense could be considered as experimental. The contention of complainant that there was no commercial or public use shown is thoroughly refuted by the depositions of Lynch, Buckingham, Ross, and Brindle, and other witnesses whose credibility or veracity in my opinion has not been adversely affected in any substantial way. Such witnesses are experienced mechanics or technicians who participated in the construction of the machine or actually operated it in the plant and produced with it for many years wrapped pipe that was made for the trade and sold in the market to the public. There is no evidence that shows that the product of this machine was unsatisfactory.

The complainant has made no effort to contradict or impeach the many witnesses who positively testified to the use and operation of this machine, although the depositions were taken in October, 1930. Under such circumstances, the suggestion that their testimony is that of interested men who wish to see the patents in suit invalidated is barren of merit. Some of the deponents are connected with the National Tube Company only in minor capacities, and, moreover, there is no substantial evidence in the record that the National Tube Company has any reason or motive for defeating the patents in suit. The complainant asserts that the interest of the employer of the men who have given depositions is self-evident. I have failed to find anything more than conjecture or suspicion that justifies such an assertion. The evidence itself is not inherently improbable, and it cannot be inferred from the fact that the National Tube Company permitted its workers to appear before the notary in Pittsburgh, Pa., and give their testimony as to the cross-roll pipe wrapping machine operated and used by them for many years before the patents in suit were applied for, that such interest has been thus shown in this suit as to destroy the positive and clear testimony of the deponents. The record has failed to disclose to me any reasonable hypothesis upon which the verbal and documentary evidence in the depositions should be rejected. I am therefore of the opinion that such evidence established the defense of anticipation beyond any reasonable doubt except as to one feature of the Rosener and Doane combination patent that will now be mentioned. In claims 13, 14, 15, and 20 of patent No. 1500769, there are simultaneous adjustments of the rollers 21 disclosed and specified. No such mechanism is found or was used in the National Tube Company combination. The only way that adjustments of the rollers with the pipe in the National Tube Company machine could be accomplished was by manual effort in separately loosening bolts that are illustrated on the photographs in evidence as Exhibits B, B1 and B2.

■ This difference cannot be classified a mere mechanical change. I think that such an improvement may be denominated invention under the case of Republic Iron & Steel Company v. Youngstown Sheet & Tube Co. (C. C. A. 6) 272 F. 386. See, also, the rule of the Supreme Court in construing combination patents where some of the elements of the combination are new and others old. Leeds & Catlin Company v. Victor Talking Machine, 213 U. S. 301, 29 S. Ct. 495, 53 L. Ed. 805. Nevertheless, I think in the light of the prior art shown in this suit none of the four claims mentioned can be properly read on the McEverlast combination so as to establish infringement. The uncontradicted success of the National Tube machine should narrow the scope of monopoly to which the inventor of the matter claimed in the four claims is entitled. Moreover, the defendant's machine employs no feed rollers. It uses two driving disks that function and operate differently from the rollers of the patents in suit. The speed variation of rotation and axial advancement in McEverlast is controlled by feeding the pipe between the adjacent disks at a different point on the disks. No bodily movement is required to accomplish the change in ratio between the speed of rotation and the axial advance of the pipe as is made necessary in the patent. It is noteworthy also that the disks and mode of operation of the McEverlast disks are borrowed from the Stiefel patent, 557,340, issued in 1895, and this is further shown by a later Stiefel patent, 1055368, issued in 1913.

I think these facts warrant only limited scope to the four claims of the earlier Rosener and Doane patent, and, as the defendant's machine does not contain the one invented feature or element, that it does not infringe. See Pacific States Electric Co. v. Wright (C. C. A. 9) 277 F. 756, 757. I do not believe that the McEverlast machine, if earlier than the Rosener first patent, would have anticipated it. Under such a situation, McEverlast's construction cannot infringe Rosener's patents. Riverside Heights Orange Growers Association v. Stebler (C. C. A. 9) 240 F. 703.

Findings and decree ordered for defendant, with costs.