**GENERAL FOODS CORPORATION v. BRODER.**

No. 7926.

Circuit Court of Appeals, Ninth Circuit.
Dec. 9, 1935.

Rehearing Denied Jan. 13, 1936.

Todd, Holman & Sprague and Lucien F. Marion, all of Seattle, Wash. (Wm. B.

Kerkam and Ralph H. Hudson, both of Washington, D. C., of counsel), for appellant.

Hoof & Winston, of Seattle, Wash., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The plaintiff manufactures and sells a jelly forming substance containing pectin in solution, derived from apples, under the trade name "Certo." The defendant manufactures and sells substantially the same solution of pectin derived from citrus fruit under the name of "Jel-Jam." The plaintiff's product is manufactured in accordance with the process claim of expired patent No. 1,082,682, but the defendant's product is not so manufactured.

This action is brought to enjoin the defendant from infringing a later patent, No. 1,304,166, for the process of making "jellies and jams by a short boil made possible by the use of a concentrated pectous solution," or a "proportional quantity of concentrated fruit pectin" by a "short boil." The plaintiff thus defines its monopoly under patent No. 1,304,166: "The monopoly of the patent in suit covers only a pectous solution when concentrated to a minimum, 1 [pectous solution], 4 [sugar], and 2 [water] degree, and used to secure the new results, benefits and advantages of the short boil procedure as defined in the patent in suit."

The defendant admits that it sells substantially the same pectous solution to be used in substantially the same way to secure the advantages due to the short boil. Its recipes issued to its customers are copies of those issued by the plaintiff for the use of its pectous solution called "Certo." The defendant admits the validity of the patent in question, but claims that the later patent is complementary to the first patent, and consequently only applies to a pectous solution made in the manner and according to the process described in the earlier expired patent. The trial court sustained this contention and dismissed the complaint. The plaintiff appeals from this decree.

The defendant's position cannot be sustained. The second patent for the process of making jellies and jams by a short boil for sterilization only, as distinguished from the long boiling necessary to evaporate the moisture to sufficiently concentrate the sugar and pectin so that the juice would jellify, taught that this could be done by the use of a concentrated pectin solution which, when mixed with the fruit juices being processed, would cause it to jellify without boiling at all. Nothing is said in this process patent about the method of manufacture of the pectous solution. It is true that the product prepared according to the process described in the first patent could be used in the jelly-making process of the second patent, but there is nothing in the second patent to limit the claims of the invention to the product produced in accordance with the first patent.

This seems so obvious from a reading of claims two and five of the patent in suit [1] that a consideration of the somewhat involved argument of the defendant seems scarcely necessary. We will, however, deal with that argument briefly.

The defendant claims that although the first patent, now expired, was both a product patent (a concentrated solution of pectin) and a process patent (for the production of such solution from apples), the product patent is limited to a pectous solution produced from apples by the patented process. Hence, it is claimed that its pectous solution being produced by a different process would not infringe the first patent, and, consequently, its use would not infringe the second patent for short boil jelly making, because that process was limited to the pectous solution made by the process of the first patent.

We have already given the first and conclusive answer, namely, that the second patent is not so limited by the claims.

The second answer is that the product claims of the first patent are not limited by the process claims, either expressly or

---

[1] Claim 2. The process of making jams or conserves consisting in adding to crushed fruit and sugar a concentrated pectous solution, heating the mass sufficiently to sterilize it without producing evaporation by prolonged boiling and subsequently allowing the mass to cool.

Claim 5. The process of making fruit jellies consisting in adding to fruit juice, a given quantity of sugar and a proportional quantity of concentrated fruit pectins sufficient to jellify the mass without prolonged boiling.

494

by necessary implication. These claims are set out in footnote.[2]

In the recent case of Holland Furniture v. Perkins Glue, 277 U.S. 245, 48 S. Ct. 474, 478, 72 L.Ed. 868, the Supreme Court said: "We take it, as the respondent argues, that product patents or patents of compositions of matter are distinct from patents of the process by which the product may be produced. The former, if sufficiently described, may exist and be sustained independently of the latter. Providence Rubber Co. v. Goodyear, 9 Wall. 788, 19 L.Ed. 566; Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 301, 318, 29 S.Ct. 495, 53 L.Ed. 805. Hence any narrowing of process claims is not necessarily a narrowing of product claims. * * *

"To so describe the product is not, as the court below seemed to think, a limitation of product claims by reference to process claims. A patentable process is a method of treatment of certain materials to produce a particular result or product. Cochrane v. Deener, 94 U.S. 780, 24 L.Ed. 139. The description of one does not necessarily embrace the other. Either or both may be patentable."

The lower court followed the District Court of the United States for the Southern District of New York, in General Foods Corp. v. Seeman Bros., 60 F.(2d) 622 [affirmed (C.C.A.) 64 F.(2d) 1013], which had under consideration the question of whether or not a powdered pectin could be used to make jelly by a short boil process without infringing the fifth claim of the patent in suit. In effect that court held that claim 5 of the second patent only covered a concentrated solution of pectin, and consequently, did not cover a powdered pectin. The use of a "concentrated pectous solution" is also specifically covered by claim 2, not involved in that litigation, but involved here.

We conclude that the sale of the defendant's pectous solution for use in the short boil process is an infringement of claims 2 and 5 of plaintiff's patent No. 1,304,166.

Decree reversed, and cause remanded for further proceedings not inconsistent herewith.

[2] 1. A pectous concentrate rendered nonjellifying in its concentrated form by the removal of the greater part of the natural sugar.

2. A pectous compound from which most of the natural sugar is removed and which is then reduced in volume by evaporation.

3. A concentrated compound of the character described, consisting of a syrupy viscous liquid, which contains soluble pectins or jelly-forming substances of fruit or vegetable origin besides other characters derived from the raw material, such as small amounts of residuary sugars, acid and mineral matters, its essential characteristics being its property of forming a jelly when combined with definite proportions of sugar and water.

4. The process of producing an unsolidified pectous compound, consisting in treating a fruit or vegetable to remove the natural sugar therefrom, processing the remaining pulp in the presence of a solvent to extract the pectose substances and reducing the liquor thus obtained by evaporation to a syrupy concentrate.