## RAILWAY REGISTER MANUF'G Co. v. NORTH HUDSON Co. R. Co. and others.

*(Circuit Court, D. New Jersey.* August 24, 1885.)

1. PATENTS FOR INVENTIONS—AMENDING AND ENLARGING CLAIMS BEFORE ISSUE.
   An inventor may amend or enlarge his claims from time to time before the issue of his patent, in order to embrace everything which was specified at the start.

2. SAME—PATENT No. 233,915, FOR FARE-REGISTER.
   On examination of the original specifications of patent No. 233,915, dated November 2, 1880, for a fare-register, *held,* that the invention for which the patent was issued was sufficiently described therein, and that the attorneys of the inventor in the patent-office had authority to insert amended claims without having them verified by the oath and signature of the patentee.

3. SAME—ANTICIPATION—COMBINATION.
   A combination is patentable only when the several elements of which it is composed produce by their joint action a new and useful result, or an old result in a cheaper or otherwise more advantageous manner.

4. SAME—PATENT No. 233,915, FOR FARE-REGISTER.
   Patent No. 233,915, for a fare-register, granted November 2, 1880, is not void for want of novelty.

In Equity.

*Dickerson & Dickerson,* for complainant.

*Frost & Coe,* for defendants.

NIXON, J. This suit is brought to recover damages for the infringement of letters patent No. 233,915, dated November 2, 1880, for fare-registers, issued to John B. Benton, assignor to the Railway Register Manufacturing Company of Buffalo, New York.

The defenses set up in the answer are want of novelty, prior use for more than two years, and non-infringement. I have no doubt that the mechanism used by the defendants infringe the complainant's patent. The complainant's expert (Quimby) properly describes the invention in Benton's patent when he says that it is to set back to the starting point the index hand or pointer of a trip-registering mechanism, which hand or pointer, during the registration of fares by a permanent register, partakes of the motion of a shaft rotated by the permanent register mechanism. The defendants use substantially the same mechanism which is found in the Fowler and Lewis patent, No. 231,161, and embodied in exhibit marked "North Hudson Co. Indicator." The mechanism varies in some details, but the variety arises from the use of mechanical equivalents, and the mode of operation of the two mechanisms is substantially the same. The principal questions left for me to consider are (1) whether, upon the original application made by Benton on the twenty-ninth of December, 1877, the patent-office was authorized to issue the patent on which the suit is brought; and (2) whether the claims of the patent, as finally issued, have been anticipated by other inventors and patentees.

1. Turning to the specifications of Benton's original application I find that he states the object of his invention to be threefold, to-wit, to produce a combination of mechanism which shall be capable (1) of registering fares, numbers, or amounts; (2) of separating the registrations belonging to each trip, or other definite period, by means of a trip index being returned to zero; and (3) of indicating how many times such trip index or register has been returned to zero. In order to effect these results he proposes the following combination: *First*, a single trip register for recording the actuations of the mechanism during a single trip, and capable of being set back to zero at the end of that trip. *Second*, a general register or permanent index, which records the same actuations that the single trip index does, and which cannot be set back. *Third*, a register for indicating how many times the single trip register has been set back to zero, and operated in and by the act of setting the single trip register to zero. After further and minutely describing in the specifications the means by which he expects to secure these results in a single combined mechanism, he concludes with six claims. In view of the subsequent proceedings in the patent-office it is only necessary to consider the fifth claim, which is as follows:

"(5) In a fare-register, the combination of a key, K, with a pawl, B, a ratchet-wheel, R, and a stop arrangement by which the indication of said register may at any time be changed to some other particular indication,—as, for instance, zero,—substantially as and for the purposes described."

The complainant insists that the three claims of the patent sued on are merely the restatement in a better and more formal manner of what is fairly indicated in this fifth claim of the original application, taken in connection with the specifications describing the mechanism by which the claim was made operative. The patentee precedes the three claims with the following disclaimer:

"I disclaim herein, in favor of my application filed July 9, 1880, all the patentable subject-matter of my present invention, save that covered by the following three clauses of claims; it being the intention to cover and include in this case only the three combinations of mechanism recited in said claims, while all the other patentable features, parts, or combinations of my invention are intended to be covered by the claims of my said application of July 9, 1880, which is filed as a division and continuation of this present application."

The claims are all combination claims, and are stated in the patent as follows:

"(1) The combination, substantially as hereinbefore set forth, of a registering wheel or index hand, actuated in one direction in the process of counting, and capable of being moved in the other direction, to reset or carry it to zero; a resetting wheel or teeth connected with said registering wheel or index hand; a movable plate or pawl-carrier, inclosed within the register casing, acting upon the said resetting wheel or teeth, and a removable reciprocating push-key to actuate said plate or carrier.

"(2) The combination, substantially as hereinbefore set forth, of a turning shaft; a toothed wheel to actuate said shaft; a trip index hand or registering

wheel connected with said shaft by a friction clutch or coupling, which compels the said index hand or registering wheel to move with said shaft in the process of counting, while allowing said index hand to be moved upon said shaft to reset it or bring it to zero; resetting teeth or projections connected with said index hand; a movable plate acting upon said projections of the index hand; a pusher or key, movable endwise, to actuate said movable plate in one direction, and a spring to move said plate in the opposite direction, or to return the plate to the position from which it was moved by said pusher.

"(3) The combination, substantially as hereinbefore set forth, of a trip register; a general register; a prime mover or handle for actuating said registers simultaneously, or nearly so; and a resetting mechanism for the trip register, consisting of a toothed wheel or projections connected with the trip register, a backward and forward movable plate acting upon said projections, a reciprocating key or pusher to actuate said plate in one direction, and a spring to move the plate in the opposite direction to that imparted by said key, whereby the said trip register is permitted to be moved with the general register, clear of the resetting plate, in the process of counting, while capable of being reset by said plate, by the simple reciprocation of the key or pusher, without disturbing the record of said general register."

The question is not, as the counsel of the defendants seem to imagine, whether everything which appears in these three claims was incorporated in the fifth claim of the original application; but whether the specifications of that application fairly indicate all that was put into these claims. I do not understand that an inventor, applying for a patent, and before it is issued, may not amend or enlarge his claims from time to time, in order to embrace everything which was specified at the start. I have examined with care the original specifications of Benton, and am of the opinion that he has substantially shown and described the invention, to cover which the patent of the complainant was issued. If this be the case, his attorneys in the patent-office had the authority to insert the amended claims, without having them verified by the oath and signature of the patentee.

2. It is further insisted by the counsel of the defendants that the claims contain nothing new, and that the invention has been anticipated. This is probably true, so far as the elements of the combinations are concerned. By searching the patent-offices of the United States and Great Britain, many patents may be and have been found which contain some one of these elements. They are all old. But have they ever before been put in combination? If not, and a new and useful result has followed such combination, the patent must be sustained. In the recent case of *Stephenson* v. *Railroad Co.* 5 Sup. Ct. Rep. 781, the supreme court, speaking by Mr. Justice WOODS, say:

"A combination is patentable only when the several elements of which it is composed produce, by their joint action, a new and useful result, or an old result in a cheaper or otherwise more advantageous way.""

No matter, then, how old the several elements are, have they been placed in such relation to each other that their joint action produces a new and useful result?

The date of the Benton invention is February 19, 1877, as the uncontradicted testimony of the case shows. Laying aside all patents

which do not antedate that time, none are left that cover the combinations of the complainant's mechanism.

Let a decree be entered for the complainant for an injunction and an account.