## HELLER BROS. CO. v. CRUCIBLE STEEL CO. OF AMERICA.

(Circuit Court of Appeals, Third Circuit. March 12, 1924.)

### No. 3077.

1. **Patents ☜109—Amendment of application within original specification does not require new oath.**

   An inventor is entitled to secure by a patent his actual invention as fairly indicated, or suggested or disclosed, by his original drawings and specification, and while his application is pending he may make such amendments to his claims, without regard to the nature or scope of the claims originally made, as will secure that end, and in such case a supplemental oath is not essential to the validity of the new claims.

2. **Patents ☜109—New claims inserted by amendment held not invalid for want of supplemental oath.**

   Method claims, substituted in a pending application for apparatus claims, and which were fairly indicated by the original duly verified specification, *held* not invalid because of the absence of a supplemental oath.

3. **Patents ☜97—Procedural rules of patent office do not affect validity of patent after issuance.**

   Rule 48 of the patent office, as relating to the question of supplemental oaths, is but a rule of Patent Office procedure and has no bearing on the question of validity of a patent when issued.

4. **Patents ☜328—993,631, for method of removing core from hollow steel drill rods, held valid, but not infringed.**

   The Young & Rowlands patent, No. 993,631, for method of removing the refractory core from hollow metal rods, *held* not anticipated and valid, but not infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit in equity by the Crucible Steel Company of America against the Heller Bros. Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 291 Fed. 175.

Warren B. Hutchinson, of New York City (Ramsay Hoguet, of New York City, of counsel), for appellant.

Marshall A. Christy and Bayard H. Christy, both of Pittsburgh, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge. Crucible Steel Company of America by its bill of complaint charges Heller Bros. Company with infringement of letters patent No. 993,631, dated May 30, 1911, for a method of manufacturing hollow metal rods, bars, and the like. The defenses are invalidity and noninfringement. The court below found both claims of the patent valid and infringed.

The application for the patent contained, originally, no process claims. By amendment the original claims were struck out and two process claims were substituted. The substitution was unaccompanied by a supplemental oath. The defendant asserts that the claims, both of which are in suit, are invalid for that reason. The plaintiff takes the

position that the claims are derivable from the original specification and that they are narrower than one of the original claims. It asserts that, when either of these circumstances occurs, no supplemental oath is necessary.

The provisions of the act now in force with respect to the oath to be made by an applicant for a patent (R. S. § 4892 [Comp. St. 1916, § 9436]), are not wholly unlike provisions in the Patent Acts of 1793, 1836, and 1870. Originally it was held that the statute was directory only; that the taking of the oath was but a prerequisite to the granting of the patent, and in no degree essential to its validity." Whittemore v. Cutter, Fed. Cas. No. 17,600; Crompton v. Belknap Mills, Fed. Cas. No. 18,285; Dyer v. Rich et al., 1 Metc. (Mass.) 180, 191. These decisions of Mr. Justice Story, of Judge Clark, with whom sat Mr. Justice Clifford, and of Chief Justice Shaw were apparently overruled, and a contrary doctrine established, by Kennedy v. Hazelton, 128 U. S. 667, 672, 9 Sup. Ct. 202, 203 (32 L. Ed. 576) where it was said:

"The patent law makes it essential to the validity of a patent that it shall be granted on the application, supported by the oath, of the original and first inventor (or of his executor or administrator), whether the patent is issued to him or to his assignee. A patent which is not supported by the oath of the inventor, but applied for by one who is not the inventor, is unauthorized by law, and void, and, whether taken out in the name of the applicant or of any assignee of his, confers no rights as against the public, Rev. St. §§ 4886, 4888, 4892, 4895, 4896, 4920."

The decision of Mr. Justice Grier, sitting in the Eastern district of Pennsylvania, in Child v. Adams, Fed. Cas. No. 2,673, construing the act of 1836, was to the same effect. It had likewise been held in Hoe v. Cottrell (C. C.) 1 Fed. 597, and in Hancock Inspirator Co. v. Jenks (C. C.) 21 Fed. 911, that, as the Commissioner of Patents had general jurisdiction of the subject, it must be presumed that all the requirements of the law were complied with before the patent was issued; that the acts of the Commissioner could not be collaterally impeached; and that, if invalid, the patent could be set aside only on a direct proceeding for that purpose. Hoe v. Cottrell (C. C.) 1 Fed. 597; Hancock Inspirator Co. v. Jenks (C. C.) 21 Fed. 911. In Hoe v. Kahler (C. C.) 25 Fed. 271, 279, Mr. Justice Blatchford held this presumption not rebuttable by the file wrapper and contents. In Seymour v. Osborne, 11 Wall. 516, 539, 20 L. Ed. 33, it was held that the recital in the letters patent that the required oath had been taken was conclusive evidence upon that point.

But these rules of procedure and evidence do not remain wholly unshaken by the Supreme Court. In Marsh v. Nichols, Shepard & Co., 128 U. S. 605, 610, 9 Sup. Ct. 168, 32 L. Ed. 538, it was held that while it is undoubtedly true, as a general rule, that a patent can be attacked, for defects not apparent on its face, only by regular proceedings instituted for that purpose, wherein the pleadings must set up the specific vitiating acts, and, in the absence of statute, is not open to collateral attack, yet the rule applies only to those cases where the patent has been in fact executed, and the authority of the officers to issue the same was complete. That ruling was made in an infringement suit, and the patent sued upon was held invalid for want of

the signature of the Secretary of the Interior.   Kennedy v. Hazelton, supra, was a bill for specific performance, alleging that the defendant had agreed in writing to assign to the plaintiff any patents that he might obtain for improvements in steam boilers; that he did invent such an improvement, but, with intent to evade his agreement, caused the patent therefor to be obtained upon the application under oath of a third person as the inventor, and to be issued to him, the defendant, as the assignee of that person.   The bill sought a decree to compel the defendant to assign the patent to the plaintiff.   Upon demurrer it was held that the presumption of validity was overthrown by the allegations of the bill, admitted by the demurrer.

But in the case at bar no question with respect to the pleadings or method of raising the question of validity of the claims is presented. Furthermore, it is conceded that oath was made to the original application and that none was made to the amendment substituting the process claims for the original apparatus claims.   Consequently the question here presented is not one of procedure or of evidence, but is one of substantive law only.   With respect to amendments, Robinson on Patents states the law thus:

"Amendments in substance can be made only within certain limits, and under certain prescribed conditions.   No new matter can, under any circumstances, be introduced by amendment.   New matter is that which is not found in the specification, drawings, or model, as first filed, and which involves a departure from the original invention.   Such matter must necessarily be a distinct art or instrument, or a new and separately patentable improvement on the old, and can be now presented only in a separate application.   The scope of the amending power is limited to such alterations of description and assertion as do not affect the essential character of the invention or the person of the patentee.   For a mistake in these the only remedy is by the issue of a new, original patent, upon an independent application. Sections 561, 635."

In Michigan Cent. R. Co. v. Consolidated Car Heating Co. (C. C. A. 6) 67 Fed. 121, 128, 14 C. C. A. 232, the court said that the test is "whether the amendment is within the scope of the original application, or introduces new matter," and, quoting from Western Electric Co. v. Sperry Electric Co. (C. C. A. 7) 58 Fed. 186, 196, 7 C. C. A. 164, 174, added:

"So long as he [the inventor] did not change the structure of his device or his invention, he had the right to change the specification."

In Cleveland Foundry Co. v. Detroit Vapor Stove Co. (C. C. A. 6) 131 Fed. 853, 858, 68 C. C. A. 233, 238, the court, after holding that an amendment bringing in original matter would not be justifiable, but that an amendment bringing in something that might be "fairly deduced from the original application" would be justifiable, said:

"* * * If he [the inventor] discovers new uses to which his invention may be put, or discerns the principles thereof more clearly, while his application is pending, in neither case is there any new invention, nor any enlargement of the old; and, that being so, there can be no legal objection to his so molding his claims as to secure all his invention discloses."

In Hobbs v. Beach, 180 U. S. 383, 397, 21 Sup. Ct. 409, 45 L. Ed. 586, the court in sustaining the new claims said:

"The original drawings and specifications suggest the claims finally made."

Cases holding that a new claim inserted in an application without a new oath is valid, if the claim is within the scope of the original drawings and specifications, are numerous. Cutler-Hammer Mfg. Co. v. Union Electric Mfg. Co. (C. C.) 147 Fed. 266; Mine & Smelter Supply Co. v. Braeckel Concentrator Co. (D. C.) 197 Fed. 897, 902; Camp Bros. & Co. v. Portable Wagon Dump & E. Co. (C. C. A. 7) 251 Fed. 603, 163 C. C. A. 597; Dayton Engineering Lab. Co. v. Kent (D. C.) 260 Fed. 187; Westinghouse E. & Mfg. Co. v. Metropolitan E. Mfg. Co. (C. C. A. 2) 290 Fed. 661.

In John R. Williams Co. v. Miller, Du Brul & Peters Mfg. Co. (C. C.) 107 Fed. 290, no claim for a process had been made in the original application for the patent. The claim sued upon was a process claim inserted by amendment without a new oath. The objection of invalidity for want of a supplemental oath was overruled upon the ground that the new claim was within the invention described in the specification. That rule of law has been so understood and applied by several of the District Courts of this circuit. In Railway Register Manufg. Co. v. North. Hudson Co. R. Co. (C. C. N. J.) 24 Fed. 793, the original claims of the application for the patent in suit had been stricken out, and three new claims inserted, without being verified by the oath of the applicant. Judge Nixon said:

"The question is not, as the counsel of the defendants seem to imagine, whether everything which appears in these three claims was incorporated in the fifth claim of the original application, but whether the specifications of that application fairly indicate all that was put into these claims. I do not understand that an inventor, applying for a patent, and before it is issued, may not amend or enlarge his claims from time to time, in order to embrace everything which was specified at the start. I have examined with care the original specifications of Benton, and am of the opinion that he has substantially shown and described the invention, to cover which the patent of the complainant was issued. If this be the case, his attorneys in the Patent Office had the authority to insert the amended claims, without having them verified by the oath and signature of the patentee."

Other cases to the like effect are Holmes Burglar Alarm Tel. Co. v. Domestic, etc., Tel. Co. (C. C. N. J.) 42 Fed. 220; Union Special Mach. Co. v. Metropolitan Sewing M. Corp. (D. C. Del.) 279 Fed. 770; Dayton Engineering Lab. Co. v. Kent (D. C. E. D. Pa.) 260 Fed. 187; Motion Picture Patents Co. v. Calehuff Supply Co. (D. C. E. D. Pa.) 248 Fed. 724. In Dynamic Balancing Mach. Co. v. Akimoff (D. C. E. D. Pa.) 279 Fed. 285, Judge Thompson, dealing with claims inserted, in effect, as additional claims, held that claims thus introduced cannot be held valid if they violate the provisions of the patent laws in introducing what is, in effect, a new invention under an application of an earlier date, but that, if the new claims are within the scope of the original application, they are properly allowable. Upon appeal this court, at 285 Fed. 480, affirmed the court below for the reasons given and upon the authorities cited in the opinion of the court below. We think that Eagleton Mfg. Co. v. West, etc., Mfg. Co., 111 U. S. 490, 4 Sup. Ct. 593, 28 L. Ed. 493, De La Vergne Machine Co. v. Featherstone, 147 U. S. 209, 13 Sup. Ct. 283, 37 L. Ed. 138, and Steward v. American Lava Co., 215 U. S. 161, 30 Sup. Ct. 46, 54 L. Ed. 139, are not in conflict with the aforegoing cases. In

the Eagleton Mfg. Co. Case there was no suggestion in the specification verified by the applicant of the invention described in the amendment. The amendment was obviously invalid. In the Featherstone Case the amendment was within the scope of the original specification, and also limited and narrowed the original claim. The amendment was held valid without a supplemental oath. The ruling of the Steward Case, that a patent cannot be sustained when the theory and method are introduced for the first time in unverified amended specifications, did not purport, as we understand it, to deny validity to claims added by amendment without supplemental oath, if the added claims are within the scope of the original specification.

[1, 2] We think that an inventor is entitled to secure by a patent his actual invention as fairly indicated (24 Fed. 793), as suggested (180 U. S. 383, 397, 21 Sup. Ct. 409, 45 L. Ed. 586), or disclosed by his original drawings and specifications; that while his application is pending he may make such amendments to his claims, without regard to the nature or scope of the claims originally made, as will secure that end; and that, in such instances, a supplemental oath is not essential to the validity of the new claims. The claims in suit were fairly indicated or suggested by the original duly verified specification. In our opinion they are not invalid because the amendment by which they were inserted in the application was unaccompanied by a supplemental oath.

[3] Rule 48 of the Patent Office, which has magnified, if it has not given rise, to the confusion with respect to the question of the supplemental oath, cannot affect this conclusion. At most, as we understand it, it is but a rule of Patent Office Procedure, promulgated upon the authority of R. S. § 483 (Comp. St. § 745). If valid, and we deem it unnecessary to pass upon that, it has no bearing upon the question of validity of a patent when issued. It has not been here relied upon by the defendant.

We think the patent in suit not invalid for want of invention. For upwards of 50 years various methods for producing hollow drill steel in commercial lengths had been tried. None fully satisfied the want. The method of the patent does. By that method the refractory core is removed from an 18 foot bar in about 30 seconds. As early as 1854 it was suggested that the problem be solved by filling a hollow billet with sand, rolling down the billet to the desired dimensions, and removing the sand core from the rolled bar. Yet, until the invention of the patent in suit, no satisfactory method of removing the core, made small, compact, and very hard by the heating and rolling, had been found. This fact has been unaccounted for and is unexplainable, at least from the record before us, save on the hypothesis that a satisfactory method of removing the core was not within the grasp of a workman of ordinary skill. Hence we would not be justified in saying that the discovery of the patent does not rise to the dignity of invention. Patent No. 342,274, to Wagner, for a method of sinking wells, shafts, and the like into the ground by a jet of steam, and British patent No. 17,414 of 1904, to Roudebush, relating to improvements in rock-drilling tools, are cited as anticipations. But we think it ob-

vious that the process of the patent in suit is used in an unrelated art and for a new and nonanalogous purpose.

[4] Does the defendant infringe? The claims of the patent in suit call for a method of removing the refractory core by—

"discharging a jet of gaseous fluid under pressure directly against the end of said core, and progressing said jet through said rod or bar as rapidly as said core is disintegrated by the action of the said jet."

The method works most satisfactorily from a commercial standpoint when the pressure is about 1,000 pounds. If the pressure is reduced, the progress of the jet is retarded, until at a pressure slightly above 100 pounds there is no progress. The defendant contends that it does not use this method, and that, consequently, it does not infringe. The method used by the defendant is to discharge *through a rotating tube* a jet of gaseous fluid, under pressure of about 100 pounds, against the end of the core, and to advance the tube and jet through the rod or bar as rapidly as the core is disintegrated. By defendant's method the removal of the core is brought about, not by the jet alone, but by the joint action of the jet and the rotation of the air-conveying tube, for the evidence is that, if the rotation of the tube ceases, the air pressure is without effect, and that, if the air pressure is removed, the rotating tube is likewise ineffective. In defendant's method the function of the rotating tube is not merely to facilitate the action of the jet. The rotating tube and the air pressure are alike indispensable.

This is in direct contrast with the method of the patent in suit. Neither the claims nor the disclosures of that patent suggest a method wherein the air pressure is dependent in whole or in part for its effectiveness upon the co-operation of some other agency. The gist of the invention of the patent is the removal of the core by air pressure alone. This the defendant does not do. Moreover, the indispensability of the rotating tube is, in and of itself, conclusive evidence that it is not an addition to the process of the plaintiff, and that the defendant's mode of operation is substantially different from that of the patent. Nor can the rotating tube be said to be an equivalent for the pressure in excess of 100 pounds required for the removal of the core by air pressure alone. We think that defendant's method neither comes within the letter of the claims in suit nor embodies the substance of the invention covered by them, and that, consequently, the defendant does not infringe.

The decree below must be reversed.