# AMERICAN TRI-ERGON CORPORATION et al. v. ALTOONA PUBLIX THEATERS, Inc.

## SAME v. WILMER & VINCENT CORPORATION et al.

### Nos. 971, 972.

District Court, M. D. Pennsylvania.

Nov. 24, 1933.

See, also, 2 F. Supp. 512.

Kaufman & Mattes, of Scranton, Pa. (Hugh M. Morris, of Wilmington, Del., and S. Mortimer Ward, Jr., and Page S. Haselton, both of New York City, of counsel), for plaintiffs.

O'Malley, Hill, Harris & Harris, of Scranton, Pa. (Charles Neave and Henry R. Ashton, both of New York City, J. Huff, of Flushing, L. I., N. Y., and W. J. Barnes, of New York City, of counsel), for defendants.

JOHNSON, District Judge.

The bill of complaint charges the defendants with infringement of letters patent No. 1,713,726 relating to photographic sound on film recording and reproducing. The plaintiffs in each suit are American Tri-Ergon Corporation, assignee of the patent, and Tri-

Ergon Holding A. G., exclusive licensee for certain purposes. The nominal defendant in the first suit is the Altoona Publix Theaters, Inc., which leases and operates the machine about which complaint is made, known as "P.S.–16." The nominal defendants in the second suit are Wilmer & Vincent Corporation, which operates the machine of which complaint is made, known as "P.S.–1," and the Locust Street Real Estate Company, which leases the machine and owns the theater. In each suit the real defendant is R. C. A. Photophone, Inc., a wholly owned subsidiary of Radio Corporation of America, which leases the machines and is defending in the suit.

Hans Vogt, Joseph Massolle, and Josef Engl, three German inventors who had previously secured patents in Germany for a sound picture machine, made application, as joint inventors, in the United States on March 20, 1922, for the patent in suit, and on May 21, 1929, the patent in suit was issued to William Fox, assignee, from whom the plaintiff, American Tri-Ergon Corporation has become assignee of the patent in suit.

In their answer the defendants deny the validity of the patent in suit and also deny infringement. On the pleadings and evidence, two main questions arise for disposition: First, the validity of the patent in suit; and, secondly, its infringement by the defendants.

First, as to the validity of the patent: The patent in suit relates to phonographs or sound heads with linear sound records, but more specifically to apparatus and methods whereby sound is translated by light to or from a photographic film strip. The specification and drawings describe and show apparatus and methods involving a film strip with a photographic sound record wherein the sound is translated by acoustically modulated light. The apparatus is especially useful for sound on film sound pictures. The apparatus is directed to a sound on film sound head in an assembly designed for the production of sound on film sound pictures, since the sound track is arranged on the film alongside of the pictures' and the apparatus is so organized that it may be placed above or below the picture projection head and have the film run from one to the other with the protecting loops in the film where it enters and leaves the sound head mechanism. The patent describes several features which co-operate to give high quality sound on film sound reproduction without appreciable sound distortion, in order to attain sound reproduction sufficiently realistic to accompany motion pictures, as follows:

First, means for momentarily giving the short active length of film in the sound head the property of a weighty mass in such manner as to obtain a high degree of uniformity of speed at the translation point; secondly, a focused fine line of light known as an "optical slit" for recording and reproducing; thirdly, bending the film arcuately at the translation point; fourthly, a photoelectric cell for reproducing the sound.

In each of the constructional forms shown in the patent, the film is either wrapped around a substantial portion of the flywheel roller under tension so as to avoid relative slippage one with respect to the other, or is passed over a substantial portion of a flywheel sprocket to insure meshing with a number of the teeth of the sprocket so that in both cases the portion of the film engaging the member secured to the flywheel is definitely harnessed to it to prevent relative movement so that the film moves in exact conformity with the member secured to the flywheel and thus has given to it at the translation point, the property of a weighty mass. The flywheel with its film engaging sprocket or roller is located on a shaft at or adjacent to the translation point and is either isolated by the spring drive from the irregularities of the driving mechanism, or is isolated from the driving mechanism by being driven by the film.

The plaintiffs' patent contains nineteen claims of which seven are in suit, claims 5, 7, 9, 13, 17, 18, and 19. These seven are directed and limited to the apparatus wherein or methods whereby sound is translated by light to or from a film strip; claims 9, 13, 18, and 19 as granted, and claims 5, 7, and 17 by disclaimer. Claims 5, 7, 13, and 17 are apparatus claims, and 9, 18, and 19 are method claims. These claims describe several features all co-operating to eliminate disturbances and distortions of the sound, giving reproductions sufficiently realistic to accompany motion pictures, a result never previously accomplished with sound on film sound pictures. The patent in suit discloses an apparatus and method which successfully establishes a new and important art, sound on film sound pictures.

The evidence shows that the patentees were the first to demonstrate by public exhibition sound on film or sound on film sound pictures in 1922 with one of their machines. Machines built in accordance with the claims of the patent have been demonstrated and

used at various times and places down to the trial during which time they were successfully demonstrated in the hearing of the court.

The defendants contend that the patent is invalid for the following reasons:

First, because the patent is anticipated by the prior art, prior patents, inventions, publications, and uses; secondly, because of a grant of at least one earlier foreign patent to the same patentees for the same alleged invention upon application filed in Germany more than twelve months prior to the filing in this country of the application for the patent in suit; thirdly, because the patent contains insufficient disclosures and is indefinite and inoperative; fourthly, because new matter was introduced into the application while pending in the Patent Office, so that the patent as issued is for a different invention from that originally applied for; fifthly, because the application was unlawfully expanded in the patent office to cover the practical art so developed in the meantime and gone into public use; sixthly, because the disclaimer filed within a few days before the trial is invalid, and, seventhly, because the alleged invention was not a joint invention of the three patentees.

■■■ First, as to the prior art. The combination and method of the claims at issue are not found in any prior art citations and are new and useful. Anticipation of such claims is not made out by selecting a part from one prior art citation and parts from others or by modification of prior art devices which were not designed, adapted, or actually used for the purpose. Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658. None of the defendants' citations anticipates the claims at issue, since none give, in substance, the same knowledge and the same directions as the specifications of the patent in suit. Skelly Oil Co. v. Universal Oil Products Co. (C. C. A.) 31 F.(2d) 427. It must also be considered that patents which are inoperative or useless for the purpose of the patent in suit are not anticipations. Consolidated Window Glass Co. v. Window Glass Mach. Co. (C. C. A.) 261 F. 362. Anticipations are not made out by the operation of prior devices with important or essential parts omitted. Eck v. Kutz (C. C.) 132 F. 758, at page 779. An unappreciated use does not anticipate. Tilghman v. Proctor, 102 U. S. at page 711, 26 L. Ed. 279. Oral evidence of prior use or discovery must be clear and satisfactory. Eibel Process Case, 261 U. S. 45, 43 S. Ct. 322, 67 L. Ed. 523.

In Richmond Screw Anchor Co. v. United States, 275 U. S. 331, 339, 48 S. Ct. 194, 195, 72 L. Ed. 303, it was said: "It is argued, on behalf of the United States, that Lenke's invention was unpatentable, because it embodied nothing more than a natural and normal modification of existing ideas. Such modifications and their advantage were all very clear after the fact. * * * No one else had foreseen its advantage. Lenke offered it as a solution of the problem at a minimum cost with a maximum efficiency. * * * While thus, in a way, he improved an existing idea, he developed a new idea."

In the case of Hobbs v. Beach, 180 U. S. 392, 21 S. Ct. 409, 413, 45 L. Ed. 586, it is stated:

"While none of the elements of the Beach patent—taken separately or perhaps even in a somewhat similar combination—was new, their adaptation to this new use and the minor changes required for that purpose resulted in the establishment of practically a new industry, and was a decided step in advance of any that had heretofore been made. * * *

"We agree with the courts below that it did involve invention to see that a machine of the Dennis and York type was adaptable to the work of the Beach device, and, second, to make such changes as were necessary to adapt that device to its new function."

The defense of invalidity on the ground of the prior art is not sustained.

■ Secondly, because of a grant of at least one earlier foreign patent to the same patentees for the same alleged invention upon application filed in Germany more than twelve months prior to the filing in this country of the application for the patent in suit.

The evidence shows that the original German patent was inoperative, and that the invention claimed in the foreign patent is not the same invention as claimed in the patent in suit. Leeds & Catlin Case, 213 U. S. 301, 29 S. Ct. 495, 53 L. Ed. 805. The defense of invalidity under Rev. St. § 4887 (35 USCA § 32) puts a heavy burden on the defendants which they have not overcome. General Electric Co. v. Alexander (C. C. A.) 280 F. 852.

The claim that the patent in suit is invalid under Rev. St. § 4887 (35 USCA § 32) is not sustained.

■ Thirdly, because the patent contains insufficient disclosures and is indefinite and inoperative. The disclosures of the patent are sufficient. The fact that the patent in suit discloses apparatus and methods which enable successful establishment of sound on film sound pictures overcomes this contention.

■ Fourthly, because new matter was introduced into the application while pending in the Patent Office, so that the patent as issued is for a different invention from that originally applied for.

Fifthly, because the application was unlawfully expanded in the Patent Office to cover the practical art so developed in the meantime and gone into public use.

The answers to the fourth and fifth claims of invalidity are the same here. The amendments to the claims while pending were related to the original claims and were applicable to the invention and were disclosed in the original drawings and specifications. The patentees were entitled to secure in the patent in suit their actual invention as disclosed in the original drawings and specifications, and were entitled to amend their claims while their application was pending. Heller Bros. Co. v. Crucible Steel Co. (C. C. A.) 297 F. 39.

The amendments were properly allowed, and the claim of invalidity on the ground of the amendments cannot be sustained.

■ Sixthly, because the disclaimer filed within a few days before the trial is invalid. The disclaimer limits the patent and does not enlarge it. The subject-matter of the disclaimer is consistent and in accordance with the teachings of the patent. No part of the disclaimer broadens or purports to broaden the scope of the claim of the patent. The presumption of validity of the patent in suit is unaffected by the disclaimer, and the claims in suit here, as modified by the disclaimer, are valid. Carnegie Steel Case, 185 U. S. at page 435, 22 S. Ct. 698, 46 L. Ed. 968.

■ Seventhly, because the alleged invention was not a joint invention of the three patentees. The evidence shows that the patentees worked together and jointly on this invention; that the patent in suit is a joint invention of the three patentees within the meaning of the statute, and the burden of proof rests on the defendants to show that the patent in suit was not a joint invention of the three patentees. Thropp & Sons Co. v. DeLaski & Thropp Circular Woven Tire Co. (C. C. A.) 226 F. 941, 949; Hall Signal Co. v. Union Switch & Signal Co. (C. C.) 115 F. 638.

The claim of invalidity on the ground that the patent is not a joint patent cannot be sustained.

■ As bearing on all of these claims of invalidity, it must be borne in mind that the grant of a patent carries with it the presumption of validity.

■ "The authorities hold that, to overcome this presumption, the burden of proving want of novelty rests upon him who asserts it, and every reasonable doubt should be resolved against him. The evidence must be exceptionally clear and convincing; as many authorities have said, it must be full, unequivocal, and convincing. Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821." Window Glass Mach. Co. v. Smethport Window Glass Co. (D. C.) 266 F. 85, at page 93.

■ Under the evidence and legal authorities, all of the defendants' claims of invalidity of plaintiffs' patent are overruled, and the patent in suit is sustained as valid.

Secondly, as to the infringement. The plaintiffs charge that six of the claims, 5, 7, 9, 13, 18, and 19, are infringed by defendants' machine "P.S.–1," and that five of the claims, 9, 13, 17, 18, and 19, are infringed by defendants' machine "P.S.–16." Defendants' machine "P.S.–1" embodies the invention of claims 5, 7, 9, 13, 18, and 19, and defendants' machine "P.S.–16" embodies the invention of claims 9, 13, 17, 18, and 19. Claims 5, 7, 9, 13, 18, and 19 were applied by plaintiffs' expert witness, Ballard, element by element, to defendants' "P.S.–1" machine, and the same witness applied claims 9, 13, 17, 18, and 19, element by element, to defendants' "P.S.–16" machine, and all of the evidence in the case shows that these two machines of defendants infringe plaintiffs' patent in suit.

The plaintiffs and defendants have submitted proposed findings of fact and conclusions of law which have been answered and are filed herewith.

In conclusion the court finds that the plaintiffs' patent, No. 1,713,726, is valid, and that claims 5, 7, 9, 13, 18, and 19 of the patent are infringed by defendants' "P.S.–1" machine, and that claims 9, 13, 17, 18, and 19 of the patent are infringed by defendants' machine "P.S.–16." It follows that plaintiffs are entitled to the usual decree for an injunction, reference, accounting and costs in accordance with this opinion; and it is so ordered.