## ALEMITE CORPORATION v. ROGERS et al.
### No. 2677.

District Court, W. D. Pennsylvania.

Jan. 12, 1934.

Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for plaintiff.

Clarke & Doolittle, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This case having come on to be heard as to the defendants G. S. Rogers and R. W. Dusenberry, on bill, answer, and proofs, the court now makes the following findings of fact and conclusions of law:

Findings of Fact.

1. The plaintiff is the owner of United States letters patent No. 1,307,734, granted June 24, 1919, to Arthur V. Gullborg, the invention disclosed therein, and all the rights and privileges under said letters patent.

2. The said letters patent are good and valid in law.

3. The defendants G. S. Rogers, trading as the Rex Duplex Fitting Company, and R. W. Dusenberry, have infringed claims 1, 2, 3, 4, and 8 of said Gullborg patent, No. 1,307,-734, by the sale of lubricating equipment, particularly fittings exemplified by plaintiff's Exhibit No. 17, which fittings are adapted and intended for use in conjunction with the plaintiff's Alemite compressor and coupler outfits, like those exemplified by Plaintiff's Exhibits 5 and 6, and thereby have violated the rights of plaintiff under said letters patent.

4. The defendants G. S. Rogers, doing business as Rex Duplex Fitting Company, and R. W. Dusenberry, have infringed claims 14 and 15 of said Gullborg patent, by manufacturing and selling compressor and coupler outfits like those exemplified by Plaintiff's Exhibit 16, adapted and intended for use in conjunction with the plaintiff's Alemite pin-fittings of the types exemplified by Plaintiff's Exhibit 4, and thereby have violated the rights of the plaintiff under said letters patent.

Conclusion of Law.

The plaintiff is entitled to the relief prayed for in this bill of complaint as to these two defendants.

Opinion.

This is a patent suit involving Gullborg patent issued June 24, 1919. Claims 1, 2, 3, 4, 8, 14, and 15 are in suit. The defendant R. H. Kidd did not answer. The bill was taken pro confesso as to him, and a final decree was entered as to him, finding infringement by him of claims 1, 2, 3, 4, and 8 of the Gullborg patent. The other defendants answered, denying infringement, and the case was heard as to them on bill, answer, and proofs. As to them, we file herewith findings of fact and conclusions of law, holding them to be contributory infringers of this patent.

The Gullborg patent covers a lubricating system of equipment, which has come to be practically of universal use in the lubricating of automobiles.

No question of its validity was involved in this suit. The patent has been held valid by many courts, and its validity was conceded at the trial.

Claims 1, 2, 3, 4, 8, 14, and 15 cover the combination of elements comprising the lubricating system, which includes pin-fittings permanently installed on each of the bearings of an automobile, the compressor or grease-gun from which the lubricant is forced into the bearing, and the coupler adapted to the pin-fittings, being designed to form the connection between the compressor and the pin-fittings.

The complete combination of the patent is made only when the grease-gun is attached by means of this coupler to the pin-fittings permanently installed in the automobile when built at the factory.

We find that the defendants are contributory infringers of the claims of the patent in suit, through their sale of fitting or coupling elements of the combination covered by the patent, with the purpose of bringing about its use in the patented combination. The evidence on this point is quite satisfying. The law is plain that the sale of an element of a combination for the purpose of bringing about its use in such a combination constitutes the seller a contributory infringer. Thomson-Houston Electric Co. v. Ohio Brass Co. (C. C. A.) 80 F. 712. It is equally well settled that it is a contributory infringement to sell parts of a complete combination for use in conjunction with other parts of that combination which had been furnished by the patentee. Leeds & Catlin Co. v. Victor Talking Mach. Co., 213 U. S. 301, 29 S. Ct. 495, 53 L. Ed. 805, and Id., 213 U. S. 325, 29 S. Ct. 503, 53 L. Ed. 816.

The precise type of contributory infringement charged in the instant case was before the Circuit Court of Appeals of the Second Circuit in Bassick Mfg. Co. v. Adams Grease

942

Gun Corporation, 52 F.(2d) 36; and that court upheld the infringement charge.

We rest our conclusion in the instant case on the opinion of the Circuit Court of Appeals in that case.

 Counsel for defendants cites the case of Radio Corporation v. Lord, 28 F.(2d) 257 (C. C. A. 3d Cir.), as supporting defendants' position that they could not be contributory infringers, because so to hold them would be violative of the Clayton Act, § 3 (15 USCA § 14). We cannot follow them there. The Lord Case was not a patent suit. As we view that case, our Circuit Court of Appeals merely held that a contract in a patented radio receiver license-agreement to purchase licensor's vacuum tubes was void. We have not that situation here. Neither of the defendants is licensed under the Gullborg patent.

A decree may be submitted granting the plaintiff the relief prayed for in its bill of complaint.