STEWART–WARNER CORPORATION et al. v. UNIVERSAL LUBRICATING SYSTEMS, Inc.

No. 3306.

District Court, W. D. Pennsylvania.

Feb. 4, 1938.

Smith, Buchanan, Scott & Ingersoll, of Pittsburgh, Pa., and Williams, Brad-

bury, McCaleb & Hinkle, of Chicago, Ill., for plaintiffs.

Leonard L. Kalish, of Philadelphia, Pa., and Sherriff, Lindsay, Weis & Hutchinson, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a patent suit for alleged infringement of two patents, i. e., Nelson patent, No. 1,377,023, of May 3, 1921 (filed June 29, 1920), and Hundemer patent, No. 1,619,126, of March 1, 1927 (filed February 8, 1926). They both relate to lubricating devices, commonly called "Grease Guns," which are of common use in the lubrication of automobiles. The Hundemer patent is for an improvement in device shown in the Nelson patent. Claim 2 of both patents are in suit.

Claim 2 of the Nelson patent is as follows: "2. A lubricating device comprising a cylinder having a bore and an inlet port and a discharge passage, a plunger reciprocating within said bore, a lubricant receptacle attached to and depending from said cylinder and having its interior communicating with said bore through said inlet port, a spring actuated piston within said receptacle for feeding the lubricant within the receptacle through said inlet port into said bore of the cylinder, means for locking said piston against movement in the said receptacle, and means connected to said plunger and cylinder for reciprocating said plunger within the bore to withdraw the lubricant from said receptacle into said bore and eject the lubricant from the bore through the discharge passage."

Claim 2 of the Hundemer patent is as follows: "2. A cylindrical grease container closed at one end having means for withdrawing grease therefrom associated with the other end, an axial rod slidable in the container having a piston slidable relative thereto, spring means urging the piston forward, means associated with the piston and operable by the rod allowing the piston to be retracted to the rear end of the container and means for locking the said means in the retracted position allowing the rod to be plunged forward."

The suit has progressed to the point where a bill of complaint has been filed, accusing three types of grease guns of defendant, shown in drawings attached to the bill of complaint as Exhibits A, B, and C, as being infringements of the patent in suit, it being charged that defendant's devices shown in Exhibits A and B infringe claim 2 of the Nelson patent; and devices shown in Exhibits A and C infringe the Hundemer patent.

By bill of particulars filed by plaintiffs, the patents in suit and drawings of defendant's accused devices, as well as plaintiffs' title papers to the patents in suit, were placed before the court as a part of the pleadings in the case. Whereupon, the defendant moved to dismiss the bill of complaint on the ground that the defendant's accused structure does not infringe the claims of the patents in suit.

As to the power of the court to dismiss a patent suit for noninfringement apparent from the face of the record, it appears to be well-settled law that this may be done where extrinsic evidence is not needed to explain the terms of the art involved, and where the court is able by mere comparison to comprehend the invention described in the patent, and is able, from a mere comparison of the structures, to determine whether one device infringes another. Young v. Ralston-Purina Co., 8 Cir., 88 F.2d 97; American Fibre-Chamois Co. v. Buckskin-Fibre Co., 6 Cir., 72 F. 508; Friend v. Burnham & Morrill Co., 1 Cir., 55 F.2d 150, 155; Gray v. Texas Co., 8 Cir., 75 F.2d 606.

We therefore have considered motion on the first ground urged, i. e., that noninfringement is apparent from the face of the record. In the first place, it may be noted that the accused structures have been before this court in earlier cases, Alemite Corporation v. Rogers, 5 F.Supp. 940; Stewart-Warner Corporation v. Universal Lubricating Systems, 15 F.Supp. 410, in which the defendant was sued for infringement of other patents involving lubricating devices, i. e., (1) in suit at No. 2677 equity involving Gullborg patent; (2) in suit No. 2983 equity involving Menzel patent, No. 1,459,662; (3) in suit at No. 3041 equity, involving Manzel patent, No. 1,459,662; (4) in suit at No. 2983 equity, involving Zerk patent, No. 1,475,980; and (5) in suit at No. 3041 equity, involving Zerk patent, No. 1,475,980.

Comparing now the accused structures with the claims of the patents in suit, we find that defendant's structures, greaseguns A and B, will read on claim 2 of the Nelson patent, except as to one item or element, i. e., they lack the means shown by Nelson for locking the piston of the grease gun against movement in the lubricant receptacle. Nor do we find in these accus-

ed structures any equivalent to this locking element. The piston in defendant's guns A and B is not locked and in fact cannot be locked in a retracted position, because it is entirely independent of the spring-retaining disc or washer, and the spring-retaining sleeve.

Similarly we find that the structures accused under the Hundemer patent, i. e., Exhibits A and C, lack the following element of the Hundemer claim 2, to wit: "means associated with the piston and operable by the rod allowing the piston to be retracted to the rear end of the container and means for locking said means in the retracted position." Nor do we find in defendant's accused devices any equivalent of this element of the Hundemer patent.

■ As we understand the law, we have no right to enlarge a patent beyond the scope of its claims. The Supreme Court has so said in these words: "But the courts have no right to enlarge a patent beyond the scope of its claim as allowed by the Patent Office. * * * As patents are procured ex parte, the public is not bound by them, but the patentees are. And the latter cannot show that their invention is broader than the terms of their claim; or, if broader, they must be held to have surrendered the surplus to the public." Keystone Bridge Co. v. Phoenix Iron Co., 95 U.S. 274, 278, 24 L.Ed. 344.

This ruling has been consistently followed by the courts. See Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas.1918A, 959; Minerals Separation v. Butte, etc., Co., 250 U.S. 336, 39 S.Ct. 496, 63 L.Ed. 1019; Kausal v. American Seating Co., 3 Cir., 56 F.2d 557, 558.

The Circuit Court of Appeals in this circuit has construed the Nelson patent in Alemite Corporation v. Rogers Products Co., 3 Cir., 42 F.2d 648, which was held valid and infringed by a grease-gun which had means to lock the piston against movement in the receptacle.

The Adams grease-gun which had a friction latch locked against movement in one direction but not in the other was held not to infringe in the case of Gat Gun Corporation v. Adams Grease Gun Corporation, 2 Cir., 59 F.2d 184.

So far as we know, the Hundemer patent has not been before the courts for consideration.

In conclusion, we have no hesitation in saying that the accused structures lacking the locking elements of patents in suit do not infringe, and that the motion to dismiss should be granted on that ground.

An order may be submitted accordingly.